UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| CHASE CALDWELL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:19 CV 116 |
|  | ) |  |
| MICHAEL MALAVE, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss. (DE # 19.) For the reasons set forth below, the motion will be granted in part and denied in part.

I.  BACKGROUND

The following factual allegations are taken from plaintiff Chase Caldwell's *pro se* amended complaint (DE # 5) and are accepted as true for the purpose of resolving the pending motion to dismiss. *See Simpson v. Brown Cty.*, 860 F.3d 1001, 1009 (7th Cir. 2017).

On March 21, 2019, plaintiff attended a hearing at the Porter County Superior Court before Judge Roger Bradford. (DE # 5 at 1.) Judge Bradford ordered that plaintiff be placed on a 72-hour emergency mental health detention. (*Id.* at 2.) Defendant Porter County Sheriff Deputy Michael Malave seized plaintiff, escorted him outside, and waited with him until defendant Porter County Sheriff Deputy Derek Cadwell arrived with a patrol vehicle. (*Id.* at 2, 5.) Officer Cadwell was given a copy of the 72-hour detention order and plaintiff was placed in the patrol vehicle. (*Id.* at 5.)

Officer Cadwell drove plaintiff to Porter Starke Services.[1] (*Id.* at 6.) Plaintiff was seen by the inpatient services director and, for reasons not clear on the face of the complaint, was not admitted to the facility. (*Id.* at 7-8.) Instead, Officer Cadwell drove plaintiff to the Porter County Jail. (*Id.* at 8.) There, plaintiff spoke to a Porter Starke Services employee who observed and examined him. (*Id.* at 9.) Plaintiff believes that after this examination a report was submitted to the Porter County Superior Court. (*Id.*) Judge Bradford issued a second order, and plaintiff was released from detention on March 22, 2019. (*Id.*)

Plaintiff's amended complaint alleges that defendants seized him without probable cause and in violation his Fourth and Fourteenth Amendment rights on March 21, 2019. (*Id.* at 10.) He also claims that defendants' actions violated the Indiana Constitution, Indiana tort law, and the United States Criminal Code. (*Id.* at 11.)

Defendants filed a motion to dismiss. Plaintiff has not responded to the motion, and the time to do so has expired. This matter is now ripe for ruling.

## II. LEGAL STANDARD

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded

---

[1] Porter Starke Services is presumably a mental health facility, though the amended complaint does not say.

facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

### A. 42 U.S.C. § 1983

Plaintiff alleges that defendants violated his Fourth and Fourteenth Amendment rights by seizing him without probable cause. A plaintiff may sue for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or federal law, by a person acting under color of law. *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011).

Defendants argue that they are immune from suit under a theory of quasi-judicial immunity, and/or qualified immunity, because they were merely enforcing Judge Bradford's detention order. However, in either event, immunity depends on the existence of a facially valid warrant, and defendants did not attach Judge Bradford's order to their motion to dismiss. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim); Fed. R. Civ. P. 10(c).

Application of quasi-judicial immunity is only appropriate where the plaintiff challenges enforcement of a valid court order, not the manner in which it was enforced. *Compare Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) ("Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct.") *with*

*Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001) ("The policies articulated in our quasi-judicial immunity cases have less force when, as in this case, the challenged conduct is the manner in which the judge's order is carried out, and not conduct specifically directed by a judge."). Defendants' argument for the application of quasi-judicial immunity relies heavily on *Henry*. Yet, the Seventh Circuit's application of quasi-judicial immunity in *Henry* depended on the existence of a facially valid warrant. *Henry*, 808 F.3d at 1239 ("[P]olice officers, sheriffs, and other court officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit under § 1983 for damages."). Without reviewing Judge Bradford's order, and in the absence of more specific factual allegations, this court cannot determine whether plaintiff's challenge is to the enforcement of the order, or the manner in which it was enforced.[2]

The absence of the order also precludes application of qualified immunity at this time. A finding of qualified immunity is appropriate where: (1) the alleged conduct violated the plaintiff's constitutional rights, and (2) those rights were clearly established at the time the violation occurred. *Sherman v. Four Cty. Counseling Ctr.*, 987 F.2d 397, 401

---

[2] For example, while Indiana law permits a court to order a law enforcement officer to transport an individual to the nearest appropriate facility for a preliminary medical and psychological evaluation, Ind. Code § 12-26-4-1.5, the statute explicitly states that the individual in need of treatment "may not be transported to a state institution." Here, Officer Cadwell ultimately delivered plaintiff to the Porter County Jail. Without more information, this court cannot determine whether defendants' actions were the type of administrative implementation of Judge Bradford's order that is entitled to quasi-judicial immunity, or whether plaintiff's claim pertains to the way in which Judge Bradford's order was executed.

(7th Cir. 1993). "[S]eizures made to effectuate an involuntary mental health commitment are analyzed under the Fourth Amendment's 'probable cause' standard." *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013). *See also Villanova v. Abrams*, 972 F.2d 792, 795 (7th Cir. 1992). "Probable cause exists 'only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard.'" *Fitzgerald*, 707 F.3d at 732 (quoting *Villanova*, 972 F.2d at 795). The governing legal standard is the applicable state statute that authorizes mental health detentions. *Id.; Mucha v. Jackson*, 786 F.3d 1064, 1066 (7th Cir. 2015). Without seeing Judge Bradford's order, this court cannot determine whether defendants had reasonable grounds for believing that plaintiff was subject to seizure under Indiana law, and cannot determine whether their execution of that order violated plaintiff's constitutional rights. Thus, this case is distinguishable from the cases on which defendants rely, where the court was able to determine that the defendants obeyed a facially valid commitment statute, *Sherman*, 987 F.2d at 401, or obeyed a facially valid arrest warrant, *Brunson v. Murray*, 843 F.3d 698, 709 (7th Cir. 2016).

At this time, the court cannot find that defendants are entitled to immunity from plaintiff's § 1983 claims. Defendants' motion to dismiss on the basis of quasi-judicial immunity and qualified immunity will be denied.

    B.    *18 U.S.C. § 242*

Plaintiff's amended complaint identifies several other purported bases for his claims. First, the amended complaint references 18 U.S.C. § 242, the criminal analog of

6

42 U.S.C. § 1983. However, this is a criminal statute that provides no basis for civil liability. *See Nasserizafar v. Indiana Dep't of Transp.*, 546 F. App'x 572, 574 (7th Cir. 2013); *Caldwell v. Allison*, No. 2:16-CV-49-PRC, 2016 WL 2894252, at *6 (N.D. Ind. May 17, 2016). Defendants' motion to dismiss any claim based on § 242 will be granted.

    C.    *Indiana Constitution*

Plaintiff also purports to bring claims under the Indiana Constitution, specifically Article I, §§ 11, 12. "A few states have enacted statutes creating or regulating claims for damages for state constitutional torts. Indiana, however, has no statutory provision comparable to 42 U.S.C. section 1983 creating an explicit civil remedy for constitutional violations by either individual officers or governmental entities." *Cantrell v. Morris*, 849 N.E.2d 488, 493 (Ind. 2006). In *Cantrell*, the Indiana Supreme Court declined to adopt a general position regarding private rights of action under the state constitution. Instead, the Court held that there was no private right of action for damages under Article I, § 9 of the Indiana Constitution. *Id.* at 507.

Since *Cantrell*, both Indiana and federal courts have consistently declined to find an implied right of action for damages under the Indiana constitution. *See e.g. City of Indianapolis v. Cox*, 20 N.E.3d 201, 212 (Ind. Ct. App. 2014) ("[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." (quoting *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007)); *Hoagland vs. Franklin Township Community School Corp.*, 10 N.E.3d 1034, 1040 (Ind.Ct.App.2014) ("[T]here is no express or implied right of action for monetary

7

damages under the Indiana Constitution"); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) (noting that Indiana has yet to recognize a civil remedy for violations of the Indiana Constitution); *Higdon v. Town of Lakeville*, No. 3:15-CV-234-RLM-CAN, 2015 WL 5353266 (N.D. Ind. Sept. 14, 2015) (collecting cases); *Williams v. Sch. Town of Munster*, No. 2:12-CV-225-APR, 2014 WL 1794565, at *8 (N.D. Ind. May 6, 2014) (the Indiana Constitution does not provide an implied right to sue for damages under Article I, § 11); *Ferris v. Williams*, No. 1:11-CV-836-TWP-MJD, 2012 WL 6201074, at *6 (S.D. Ind. Dec. 12, 2012) (same).

This court will likewise decline to recognize an implied cause of action under the Indiana Constitution. "[R]ecognizing [] an implied right to sue for damages under the Indiana Constitution would work a dramatic change in Indiana law . . .. If such a step is to be taken, it will need to be taken by the Indiana courts, not by a federal court whose duty is to apply existing Indiana law." *Estate of O'Bryan v. Town of Sellersburg*, No. 3:02CV00238-DFH-WGH, 2004 WL 1234215, at *21 (S.D. Ind. May 20, 2004). Thus, defendants' motion to dismiss any claim for damages based on violations of the Indiana Constitution will be granted.

D. *Indiana Tort Claims*

Plaintiff alleges that his claims are also brought pursuant to Indiana tort law. Defendants argue that any such claim is barred because plaintiff failed to file a timely tort claims notice in accordance with the Indiana Tort Claims Act ("ITCA"). Ind. Code § 34-13-3-8.

Tort claims brought under Indiana law are subject to the ITCA's procedural and substantive requirements. *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 648 (7th Cir. 2006) (citing *Bienz v. Bloom*, 674 N.E.2d 998, 1003 (Ind. Ct. App. 1996) ( "[O]ur supreme court has held that the Act applies to all torts.")). "Compliance with the ITCA is a prerequisite to pursuing a tort claim . . . regardless of whether suit is filed in state or federal court." *Id.* The assertion that a plaintiff has failed to comply with the ITCA notice requirement is an affirmative defense. *Brown v. Alexander*, 876 N.E.2d 376, 383-84 (Ind. Ct. App. 2007).

Plaintiff's complaint does not contain facts regarding whether he did or did not provide defendants with the appropriate notice under the ITCA. However, "complaints need not anticipate and attempt to plead around defenses." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). True, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense," *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003), but a plaintiff's omission of facts from his complaint which would ultimately defeat an affirmative defense does not justify dismissal. *Id.*; *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). Therefore, defendants' motion to dismiss plaintiff's state law tort claims for failure to file an ITCA notice will be denied.

E. *Indiana Code § 34-13-3-5(b)*

Defendants' final argument is that any state law claim against them is barred by Indiana Code § 34-13-3-5(b) ("A lawsuit alleging that an employee acted within the

scope of the employee's employment bars an action by the claimant against the employee personally."). Here, plaintiff does not specify whether he has named defendants in their individual capacities, official capacities, or both. Pursuant to Indiana Code § 34-13-3-5(b), defendants are entitled to dismissal of any state law claim against them in their individual capacities, but plaintiff may proceed with any state law claim against defendants in their official capacities.

IV.  **CONCLUSION**

For the foregoing reasons, the court **GRANTS IN PART and DENIES IN PART** defendants' motion to dismiss (DE # 19), on the terms identified in this opinion and order.

**SO ORDERED.**

Date: February 21, 2020

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT