UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHASE CALDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19 CV 116 |
| | ) |
| MICHAEL MALAVE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### OPINION and ORDER

This matter is before the court on defendants' second motion to dismiss, or alternatively, motion for summary judgment. (DE # 30.) For the reasons set forth below, the motion will be denied.

**I.    BACKGROUND**

   *A.    Factual History*

The following factual allegations are taken from plaintiff Chase Caldwell's *pro se* amended complaint (DE # 5) and are accepted as true for the purpose of resolving the pending motion to dismiss. *See Simpson v. Brown Cty.*, 860 F.3d 1001, 1009 (7th Cir. 2017).

On March 21, 2019, plaintiff attended a hearing at the Porter County Superior Court before Judge Roger Bradford. (DE # 5 at 1.) Judge Bradford ordered that plaintiff be placed on a 72-hour emergency mental health detention. (*Id.* at 2.) Defendant Porter County Sheriff Deputy Michael Malave seized plaintiff, escorted him outside, and waited with him until defendant Porter County Sheriff Deputy Derek Cadwell arrived

with a patrol vehicle. (*Id.* at 2, 5.) Officer Cadwell was given a copy of the 72-hour detention order and plaintiff was placed in the patrol vehicle. (*Id.* at 5.)

Officer Cadwell drove plaintiff to Porter Starke Services.[1] (*Id.* at 6.) Plaintiff was seen by the inpatient services director and, for reasons not clear on the face of the complaint, was not admitted to the facility. (*Id.* at 7-8.) Instead, Officer Cadwell drove plaintiff to the Porter County Jail. (*Id.* at 8.) There, plaintiff spoke to a Porter Starke Services employee who observed and examined him. (*Id.* at 9.) Plaintiff believes that after this examination a report was submitted to the Porter County Superior Court. (*Id.*) Judge Bradford issued a second order, and plaintiff was released from detention on March 22, 2019. (*Id.*)

B.    *Procedural History*

Plaintiff's amended complaint alleges that defendants seized him without probable cause and in violation his Fourth and Fourteenth Amendment rights. (*Id.* at 10.) He also claims that defendants' actions violated the Indiana Constitution, Indiana tort law, and the United States Criminal Code. (*Id.* at 11.)

On February 21, 2020, this court granted in part, and denied in part, defendants' first motion to dismiss. This court dismissed plaintiff's claims under 18 U.S.C. § 242, the Indiana Constitution, and any Indiana tort claims pursued against the defendants in their individual capacities. (DE # 25.) However, this court denied defendants' motion to

---

[1] Porter Starke Services is presumably a mental health facility, though the amended complaint does not say.

dismiss plaintiff's claims under 42 U.S.C. § 1983. Defendants argued that they are entitled to quasi-judicial immunity or qualified immunity. As explained in this court's order, both forms of immunity depend on the existence of a facially valid warrant, and defendants did not attach Judge Bradford's order to their motion to dismiss. (*Id.* at 4.) This court also denied defendants' motion to dismiss plaintiff's Indiana tort claims. Defendants argued that plaintiff failed to file a timely tort claims notice. (*Id.* at 8.) However, it was not clear on the face of plaintiff's complaint that he failed to file this notice, and therefore dismissal at the pleading stage was not appropriate. (*Id.* at 9.)

Defendants now take a second crack at dismissing plaintiff's claims. Defendants have attached to their present motion: Judge Bradford's initial order; an affidavit stating that the Porter County Sheriff's Department never received a tort claims notice from plaintiff; and a transportation document, signed by Officer Cadwell, indicating that Judge Bradford had subsequently ordered that plaintiff be held at the Porter County Jail. (DE ## 31-2 - 31-3.) This court may consider Judge Bradford's initial order, without converting the motion to dismiss into a motion for summary judgment, because plaintiff refers to the order in his amended complaint and the order is central to his claims. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim); Fed. R. Civ. P. 10(c). However, the same is not true of the other two exhibits attached to defendants' motion.

3

Defendants have styled their motion as a motion to dismiss, or in the alternative, for summary judgment. However, defendants failed to comply with Local Rule 56-1, which governs motions for summary judgment. Accordingly, the court will deny defendants' motion for summary judgment without prejudice and with leave to re-file. The court will proceed to consider defendants' motion to dismiss, taking into consideration Judge Bradford's initial order.

## II. LEGAL STANDARD

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.  DISCUSSION

### A.  42 U.S.C. § 1983

In defendants' second motion to dismiss, they again argue that they are immune from plaintiff's claims under § 1983, based on quasi-judicial immunity and/or qualified immunity, because they were merely enforcing Judge Bradford's detention order. Judge Bradford's order states in relevant part:

> The Court orders Respondent taken into custody by the Porter Country Sheriff and transported to the inpatient unit at Porter-Starke Services for a 72-hour emergency detention.
>
> The Court further orders Porter-Starke Services to evaluate Respondent regarding him being a danger to self or others or being gravely disabled. The Court further orders that Porter-Starke Services file

5

>with the Court a Report Following Emergency Detention within the time required by statute.

(DE # 31-1.)

Application of quasi-judicial immunity is only appropriate where the plaintiff challenges enforcement of a valid court order, not the manner in which it was enforced. *Compare Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) ("Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct.") *with Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001) ("The policies articulated in our quasi-judicial immunity cases have less force when, as in this case, the challenged conduct is the manner in which the judge's order is carried out, and not conduct specifically directed by a judge.").

A finding of qualified immunity is appropriate where: (1) the alleged conduct violated the plaintiff's constitutional rights, and (2) those rights were clearly established at the time the violation occurred. *Sherman v. Four Cty. Counseling Ctr.*, 987 F.2d 397, 401 (7th Cir. 1993). "[S]eizures made to effectuate an involuntary mental health commitment are analyzed under the Fourth Amendment's 'probable cause' standard." *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013); *see also Villanova v. Abrams*, 972 F.2d 792, 795 (7th Cir. 1992). "Probable cause exists 'only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard.'" *Fitzgerald*, 707 F.3d at 732 (quoting *Villanova*, 972 F.2d at 795). The governing

6

legal standard is the applicable state statute that authorizes mental health detentions. *Id.; Mucha v. Jackson*, 786 F.3d 1064, 1066 (7th Cir. 2015). Indiana law permits a court to order a law enforcement officer to transport an individual to the nearest appropriate facility for a preliminary medical and psychological evaluation. Ind. Code § 12-26-4-1.5.

While it is clear that defendants' initial custody and transportation of plaintiff to Porter-Starke Services was the type of administrative implementation of Judge Bradford's order that is entitled to quasi-judicial immunity, this does not dispose of plaintiff's entire claim. Plaintiff also takes issue with the fact that he was ultimately transported to the Porter County Jail. This part of plaintiff's claim takes issue with the way in which Judge Bradford's order was executed – not the conduct specifically directed by the judge.

Defendants repeatedly insist that Officer Cadwell followed Judge Bradford's order to the letter, and are therefore entitled to immunity. Yet, defendants entirely ignore the fact that Judge Bradford ordered that plaintiff be taken to Porter-Starke Services for commitment, Porter-Starke Services refused admittance, and instead plaintiff was booked overnight at the local jail. There is no admissible evidence to explain this deviation from Judge Bradford's order, and therefore a determination on the question of immunity cannot be made at this time. Defendants' motion to dismiss plaintiff's § 1983 claims must be denied.

### B. *Indiana Tort Claims*

Defendants also move to dismiss plaintiff's claims brought pursuant to Indiana tort law, on the basis that any such claim is barred because plaintiff failed to file a timely tort claims notice in accordance with the Indiana Tort Claims Act ("ITCA"). Ind. Code § 34-13-3-8. This court previously denied defendants' motion to dismiss these claims because plaintiff's complaint does not contain facts regarding whether he did or did not provide defendants with the appropriate notice under the ITCA.

This time around, defendants have attached an affidavit addressing this issue to their motion. However, as explained above, this court cannot consider the affidavit in the context of defendants' motion to dismiss, and will not consider defendants' motion for summary judgment. Accordingly, the court denies defendants' motion to dismiss plaintiff's state law tort claims.

### IV. CONCLUSION

For the foregoing reasons, the court **DENIES without prejudice** defendants' motion to dismiss, or in the alternative, motion for summary judgment (DE # 30), with leave to re-file.

**SO ORDERED.**

Date: December 17, 2020

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT