UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHASE CALDWELL,        ) | |
|     Plaintiff,        ) | |
| )| |
|     v.        ) | CAUSE NO.: 2:19-CV-116-JTM-JEM |
| ) | |
| MICHAEL MALAVE and        ) | |
| DEREK CADWELL,        ) | |
|     Defendants.        ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Compel Plaintiff to Sign Authorization for Records [DE 55] and Defendants' Motion for Court Order [DE 57], both filed on August 23, 2021. Defendants move to compel Plaintiff to execute authorizations for access to his medical records from Porter Starke Services and request a court order directing the Clerk of Courts in Porter County, Indiana, to permit Defendant to access materials maintained in the related civil commitment order.

**I.    Background**

On March 25, 2019, Plaintiff, proceeding *pro se*, filed a Complaint, amended on May 20, 2019, for claims arising out of the manner in which Defendants enforced a judicial order that plaintiff be transported to the inpatient unit at Porter-Starke Services to be evaluated under a 72-hour emergency detention. Rather than be admitted at the mental health facility, he was taken to Porter County Jail. After resolution of two motions to dismiss, discovery in this case began in March 2021.

Defendants filed the instant motions on August 23, 2021. They are seeking information about the underlying state court case that gave rise to the commitment order and actions described

1

in the Complaint. They also request that Plaintiff be required to provide authorization to obtain hist medical records from Porter-Starke Services. Plaintiff filed a response on September 7, 2021, objecting to providing access to the information. On September 13, 2021, Defendants filed replies in support of their motions. Although Defendants do not include a certification with the motion to compel in accordance with Federal Rule of Civil Procedure 37(a)(1) and Northern District of Indiana Local Rule 37-1, the motion and supporting documents include representations and exhibits regarding the attempts of counsel for Defendants to obtain the requested authorizations without Court intervention.

## II.   Analysis

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (*citing Packman v. Chi. Tribune Co.*, 267 F.3d

628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

In this case, Plaintiff is challenging the decision to take him to Porter County Jail rather than Porter-Starke Services, and Defendants argue that the requested authorizations are necessary for them to obtain relevant medical information related to Plaintiff's claims. They seek only a narrow set of records from Porter-Starke Services during the time period of the incident, not all of Plaintiff's medical records or all of the records in the possession of Porter-Starke Services. Defendants also request an order directing the clerk of court in Porter County permit them to view and obtain copies of orders, filings, transcripts, and other documents maintained in the underlying case. Plaintiff objects to the motions, particularly the request for medical authorization. He argues that the records are not relevant to the defense because "this lawsuit is about how the defendants transferred me to a facility that was unlawful [Porter County Jail] instead of transferring me to mental health facility" and "this case is about the defendants and the way [Plaintiff] was seized and transferred not about the findings of the observer."

Defendants assert that Plaintiff has not met his burden of showing that discovery into a limited set of his Porter-Starke Services records is improper. Defendants argue that the records likely contain information about why plaintiff was rejected by Porter-Starke Services and instead evaluated at Porter County Jail and also contain the identity of witnesses to the events that occurred at Porter-Starke Services. Even by his own admission, the decisions involved in transferring Plaintiff are relevant to this case, and the unnamed observer may be a witness. Accordingly, the records are relevant to the underlying claims and Plaintiff is directed to complete a signed authorization form. The Court will not compel him to disclose confidential medical records, but Plaintiff has made claims that directly involve his medical treatment and cannot now refuse to

3

disclose the relevant medical records to Defendants. If he chooses not to comply, the case will likely be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See, e.g., Pendleton v. Tilleson*, No. 18-CV-701-WMC, 2021 WL 2478515, at *1 (W.D. Wis. June 17, 2021) ("Pendleton can't have it both ways: he cannot make claims that directly involve his medical conditions and treatment, but then refuse to disclose his medical records to the defendant. Because defendants are entitled to investigate each of the elements of Pendleton's claim, if Pendleton chooses not to turn over the requested records, then Judge Conley probably would grant a defense motion to dismiss this lawsuit for failure to prosecute."); *Ramirez v. Kranski*, No. 15-CV-365-WMC, 2021 WL 1895052, at *1–2 (W.D. Wis. May 11, 2021) ("Ramirez needs to sign a medical authorization form if he wants to pursue damages for his physical and psychological injuries . . . Indeed, Ramirez's continued failure to disclose this information likely will result in the court limiting his damages."); *Johnson v. Rogers*, No. 116CV02705JMSMPB, 2018 WL 10246993, at *5 (S.D. Ind. Apr. 20, 2018), objections overruled, No. 116CV02705JMSMPB, 2018 WL 2327713 (S.D. Ind. May 23, 2018) ("find[ing] that Defendants are entitled to access of Plaintiff's physical health records" where the plaintiff "has refused to sign medical authorizations, despite indicating that he may use the evidence/testimony . . . to support his claims"); *Hine v. Extremity Imaging Partners, Inc.*, No. 1:09-cv-00416, 2010 WL 3720197 (S.D. Ind. Sept. 8, 2010) (granting motion to compel requiring plaintiff to sign medical authorization form because plaintiff put medical condition at issue). Plaintiff must provide an authorization for release of his medical records or face possible dismissal of some or all of his claims.

As to the state court records, although Plaintiff generally objects, he does not explicitly address the request. As Defendants argue, Plaintiff's claims are directly related to the orders in the

underlying state court case and the actions taken pursuant to those orders, so the material therein falls within the scope of discovery.

Given Plaintiff's *pro se* status and the fact that failure to comply with this Order will affect Plaintiff's ability to proceed with his case, the Court will not order him to pay Defendants' expenses incurred in making the motion to compel, finding that the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion to Compel Plaintiff to Sign Authorization for Records [DE 55] **for relief different than requested** and **GRANTS** Defendants' Motion for Court Order [DE 57].

The Court **DIRECTS** Plaintiff to complete an authorization form for access to his medical records at Porter-Starke Services from March 1-31, 2019, by **November 29, 2021**, and **DIRECTS** the Clerk of Courts in Porter County, Indiana, to permit Defendants to view and obtain copies of any orders, filings, transcripts, and other documents maintained under Cause No. 64D01-1402-MH-1414.

The Court **ORDERS** Defendants to provide a copy of this Order to the Clerk of Courts in Porter County, Indiana, and to provide a copy of this Order and the relevant medical authorization form to Plaintiff.

SO ORDERED this 9th day of November, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
     Plaintiff, *pro se*